UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS RAMON BECERRA, et al.,

     Plaintiffs,

    v.

FCA US LLC.,

     Defendant.

Case No. 1:25-cv-00028-JLT-FJS

ORDER GRANTING PARTIES'
STIPULATION TO MODIFY
SCHEDULING ORDER

(ECF No. 30)

I.     BACKGROUND

On May 11, 2026, the parties filed a stipulation and joint request to modify the Scheduling Order (ECF No. 15) and extend the deadlines and dates for fact discovery, initial expert disclosures, supplemental expert disclosures, close of expert discovery, pre-trial motions, the final pre-trial conference, and the jury trial. (ECF No. 33 at 3.) The parties state that they engaged in "significant meet and confer efforts … and believe all depositions will proceed on the dates agreed upon and confirmed." (*Id.* at 2.) Yet, the parties seek roughly two months of additional time to meet discovery deadlines because of delay in conducting a vehicle inspection and difficulty in scheduling Defendant FCA US LLC., for deposition (*Id.*)

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file

motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation modified). If the party seeking to amend the scheduling order "was not diligent, the inquiry should end," and the court should not grant the motion to modify. *Id.* "The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp., v. Vendo Co.,* 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002.)

III.    <u>DISCUSSION</u>

As an initial matter, the court noted in the June 9, 2025, scheduling order that:

> The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.

(ECF No. 15 at 6 (emphasis in original).) The court notes that the parties filed an affidavit (ECF No. 30-2 at 1-4), outlining good cause for modification of the scheduling order, on May 11, 2026, the date that non-expert discovery was scheduled to be closed. Additionally, the parties represent that the vehicle inspection was unable to be scheduled for a date before June or July 2026 because of numerous scheduling conflicts. (ECF No. 30 at 2.) Likewise, "one reason for delay in scheduling the Rule 30(b)(6) deposition of Defendant is due to the specialized nature of lemon law cases" where a few of the same individuals are designated to testify at depositions for Defendant but are also busy with other cases. (*Id.*)

The parties' stipulation' makes it unclear as to when it first became apparent that the anticipated fact discovery and depositions could not be taken within the initial timeline and that

an extension was necessary as to all deadlines in the scheduling order. Furthermore, filing a stipulation on the day fact discovery was scheduled to close does not ordinarily suggest the diligence of the parties. *Ramos v. Espinoza*, No. 1:21-CV-01103-JLT-SAB, 2022 WL 17418468 at *4 (E.D. Cal. Nov. 8, 2022) (finding that parties who submit requests on the "eve of deadlines" does not demonstrate diligence or good cause to modify the scheduling order.) Nonetheless, the parties' efforts in filing a stipulation prior to the formal closure of the non-expert discovery deadline and waiting for this court's permission before conducting additional discovery, demonstrate that the parties acted diligently. *Id.* at *2-4 (denying parties' stipulation for modification of fact discovery where parties failed to seek court approval prior to conducting additional depositions.)

Accordingly, the court adopts the dates and times in the parties' stipulation, except for the final pre-trial conference date. The pre-trial conference date will be changed to accommodate the court's limited availability on the date the parties proposed. The court will, therefore, modify the schedule to afford both parties more time to complete discovery and prepare for trial.

IV.    CONCLUSION AND ORDER

Based on the parties' stipulation, the court finds good cause to modify the scheduling order. It is HEREBY ORDERED that the scheduling order be modified as follows:

(1) Close of fact discovery be continued from May 11, 2026, to August 11, 2026;

(2) Initial expert disclosure be continued from June 15, 2026, to September 15, 2026;

(3) Supplemental expert disclosure be continued from July 10, 2026, to October 9, 2026;

(4) Close of expert discovery be continued from August 7, 2026, to November 6, 2026;

(5) Deadline to file pre-trial motions be continued from October 16, 2026, to January 15, 2027;

(6) Final pre-trial conference be continued from March 22, 2027, to June 14, 2027, at 1:30 p.m.; and

(7) Jury trial be continued from May 18, 2027, to August 17, 2027, at 8:30 a.m.

The dates set in this order are deliberate and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines

contained herein will not be considered unless they are accompanied by affidavits or declarations, and, where appropriate, attached exhibits that establish good cause for granting the relief requested.

IT IS SO ORDERED.

Dated:    **May 12, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

4